IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALTON G. RICHARDSON, JR.,            ) | |
|     Plaintiff,            ) | |
|                                            ) | |
| v.            ) | CIVIL ACTION NO. 13-00469-KD-B |
|                                            ) | |
| WARNER BROTHERS RECORDS, *et al.*,            ) | |
|     Defendants.            ) | |

**ORDER**

      This action is before the Court on a *sua sponte* review of its subject-matter jurisdiction. On September 20, 2013, the *pro se* Plaintiff initiated this action by filing a Complaint (Doc. 1) in this Court. The Complaint alleges eighteen counts against the Defendants, seventeen of which are state law claims (e.g. fraud, breach of contract, unjust enrichment, etc.). Count 17 is titled as a claim for "violation of equal rights employment laws and constitutional rights." (Doc. 1 at 49).

      "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id. "The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case."[1] Pate v. Chilton Cnty. Bd. of Educ., 853 F. Supp. 2d 1117,

---

[1] *Pro se* plaintiffs are not excused from this burden. See Selensky v. Mobile Infirmary, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming district court's dismissal for lack of subject-matter jurisdiction where *pro se* plaintiff "did not plead facts sufficient to demonstrate complete diversity of citizenship among the

1128 (M.D. Ala. 2012) (citations omitted). "The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' " Taylor, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).

The Complaint does not specifically allege any basis for jurisdiction. The Cover Sheet to the Complaint claims as a basis for jurisdiction "28 USC SEC. 2071[ and] Rule 83 . . ." (Doc. 1-1, § VI). Section 2071 of Title 28 of the United States Code sets forth generally the rule-making power of federal courts. Federal Rule of Civil Procedure 83 also sets forth the rule-making powers of district courts. Neither is a basis for federal subject-matter jurisdiction. In fact, nowhere in either does the word "jurisdiction" even appear.

One basis for a federal district court's jurisdiction is 28 U.S.C. § 1331 (commonly known as "federal question jurisdiction"), which states "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Count 17 is styled as a claim for violations of "equal rights employment laws" and of "constitutional rights." In the body of Count 17, Plaintiff asserts a legal conclusion that "Equal Opportunity Employment laws require all businesses to accept applications and provide interviews, etc." and alleges that "[t]hese laws are non-existent in the music industry in Tennessee, New York and California" (Doc. 1 at 49, ¶ 176)). He also alleges that "[i]t is impossible for [him] to get a song listened to now because he exercised his Constitutional Rights to sue" in a previous case

---

parties or to state a claim involving a substantial question of federal law . . ."); Jackson v. Blevins, 442 F. App'x 466 (11th Cir. 2011) (similar); Mason v. McPhillips, Shinbaum & Gill, 454 F. App'x 758, 759-60 (11th Cir. 2011) (similar). The Court is mindful that " '[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) (alteration added). However, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action . . ." GJR Investments, Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

(specifically, Case No. 1:02-cv-00305-CB-D (S.D. Ala.), later transferred to Case No. 3:03-cv-00150 (M.D. Tenn.)).  (Id. at 50, ¶ 181).  His only demand for relief in Count 17 is that "Warner Brothers, Stoney Creek Records and/or Defendant Shawna McIlwain Thompson record (1) of his songs and promote the same . . .  (Id., ¶ 182).

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint.  As a general rule, a case arises under federal law only if it is federal law that creates the cause of action."  Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011) (citation and quotation omitted), cert. denied, 133 S. Ct. 101 (2012).  "The mere fact that a federal statute or regulation may be implicated and even require some interpretation is not sufficient to create federal jurisdiction."  Mannsfeld v. Phenolchemie, Inc., 466 F. Supp. 2d 1266, 1269 (S.D. Ala. 2006) (Granade, C.J.).  Plaintiff's allegations, either in Count 17 or any other count, do not indicate that a federal cause of action has been asserted.

Another basis for a federal district court's jurisdiction is 28 U.S.C. § 1332 (commonly known as "diversity jurisdiction"), which states, *inter alia*, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."  § 1332(a)(1).  "Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ."  Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).[2]

---

[2] The Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

Plaintiff's Complaint fails to establish the requisite diversity of citizenship pursuant to § 1332.  First, he has alleged only the states of residence of the individual parties.  However, "[c]itizenship, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person."  Taylor, 30 F.3d at 1367 (emphasis added).  Accord Travaglio v. Am. Exp. Co., No. 11-15292, 2013 WL 4406389, at *3 (11th Cir. Aug. 19, 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective.  Residence alone is not enough."); Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants.").  See also Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to **specifically allege citizenship** in their notice of removal, the district court should allow that party to **cure the omission** . . ." (emphasis added) (quotation marks omitted)); Beavers v. A.O. Smith Elec. Prods. Co., 265 F. App'x 772, 778 (11th Cir. 2008) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)).  "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.  A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citation, quotations, and footnote omitted).[3]

---

[3] As to Defendant Warner Brothers Records, Plaintiff alleges only that it is "a legal business entity organized and existing under the laws of a state other than Alabama, which does business in Alabama." (Doc. 1 at 1, ¶ 2).  Assuming that Warner Brothers Records is a corporation, Plaintiff has also not satisfactorily demonstrated its citizenship, as he has failed to allege the location of its principal place of business.  See § 1332(c)(1) (generally, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and **of the State or foreign state where it has its**

Second, assuming that the individual parties are also citizens of the states in which they are alleged to reside, both Plaintiff and Defendant Mattie McIlwain are alleged to be residents of the State of Alabama.  (Doc. 1 at 1-2, ¶¶ 1, 6).  Because Plaintiff is not "diverse from all defendants[,]"  Univ. of S. Ala., 168 F.3d at 412, diversity jurisdiction pursuant to § 1332 does not exist on the face of the Complaint.

No other basis for jurisdiction has been pled or is apparent on the face of the Complaint. However, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.  "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly."  Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).  See also Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 426 (11th Cir. 2010) ("While we agree that [*pro se* plaintiff ] Langlois' complaint failed to state a basis for federal jurisdiction and failed to state a claim under Rule 8(a), the district court should have given Langlois an opportunity to amend these deficiencies before dismissing her complaint with prejudice.").

Accordingly, it is **ORDERED** that, on or before **Tuesday, October 15, 2013**, Plaintiff shall file an amended complaint that properly alleges a basis for the Court to exercise subject-matter jurisdiction over Plaintiff's claims.   Failure to comply with this Order will result in the dismissal of this action for lack of subject-matter jurisdiction.

**DONE** and **ORDERED** this the **27**[th] day of **September 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

**principal place of business** . . ." (emphasis added)).