IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALTON G. RICHARDSON, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WARNER BROTHERS RECORDS, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 13-00469-KD-B |

**ORDER**

This action is before the Court on a *sua sponte* review of its subject-matter jurisdiction. On September 20, 2013, the *pro se* Plaintiff initiated this action by filing a Complaint (Doc. 1) in this Court. By Order dated September 27, 2013 (Doc. 4), the Court found that Plaintiff's Complaint had not adequately pled a basis for subject-matter jurisdiction and directed Plaintiff to file an amended complaint that would do so. Plaintiff has timely filed his Amended Complaint (Doc. 5).

"It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." Id. "The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case."[1] Pate v. Chilton Cnty. Bd. of Educ., 853 F. Supp. 2d 1117,

---

[1] *Pro se* plaintiffs are not excused from this burden. See Selensky v. Mobile Infirmary, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming district court's dismissal for lack of subject-matter jurisdiction where *pro se* plaintiff "did not plead facts sufficient to demonstrate complete diversity of citizenship among the

1128 (M.D. Ala. 2012) (citations omitted).  "The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.' " Taylor, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).

The Amended Complaint, like the initial Complaint, does not specifically allege any basis for jurisdiction.  One basis for a federal district court's jurisdiction is 28 U.S.C. § 1331 (commonly known as "federal question jurisdiction"), which states "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  However, upon review of the Amended Complaint, the Court finds that it too fails to present a federal question.  As in the initial Complaint, Count 17 is styled as a claim for violations of "equal rights employment laws" and of "constitutional rights."  In the body of Count 17 of the Amended Complaint, however, Plaintiff merely asserts a legal conclusion that "Equal Opportunity is non-existent in the music industry" (Doc. 5 at 50, ¶ 176)).  He also recounts details from his previous federal lawsuit (Case No. 1:02-cv-00305-CB-D (S.D. Ala.), later transferred to Case No. 3:03-cv-00150 (M.D. Tenn.)).  (Id. at 50, ¶¶ 176, 178).

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint.  As a general rule, a case arises under federal law only if it is federal law that creates the cause of action."  Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011) (citation and

---

parties or to state a claim involving a substantial question of federal law . . ."); Jackson v. Blevins, 442 F. App'x 466 (11th Cir. 2011) (similar); Mason v. McPhillips, Shinbaum & Gill, 454 F. App'x 758, 759-60 (11th Cir. 2011) (similar).   The Court is mindful that " '[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)) (alteration added).  However, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action . . ."  GJR Investments, Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds, Ashcroft v. Iqbal, 556 U.S. 662 (2009).

quotation omitted), cert. denied, 133 S. Ct. 101 (2012).  "The mere fact that a federal statute or regulation may be implicated and even require some interpretation is not sufficient to create federal jurisdiction."  Mannsfeld v. Phenolchemie, Inc., 466 F. Supp. 2d 1266, 1269 (S.D. Ala. 2006) (Granade, C.J.).  Plaintiff's allegations in his Amended Complaint, either in Count 17 or any other count, do not indicate that a federal cause of action has been asserted.

Another basis for a federal district court's jurisdiction is 28 U.S.C. § 1332 (commonly known as "diversity jurisdiction"), which states, *inter alia*, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."  § 1332(a)(1).  The Court finds that sufficient facts have been pled in the Amended Complaint to establish the amount in controversy required by § 1332.  "Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ."  Ray v. Bird & Son & Asset Realization Co., Inc., 519 F.2d 1081, 1082 (5th Cir. 1975) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974)).[2]

The Court's previous Order pointed out that Plaintiff had alleged only the individual parties' states of residence and noted that "[c]itizenship, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person."  E.g., Taylor, 30 F.3d at 1367 (emphasis added).  Apparently misinterpreting this directive, Plaintiff continues to allege only the states of residence of the individual parties but adds that those parties are citizens of the United States.[3]  Plaintiff is alleged to be a resident of Alabama.  Defendants Danny Key, Eric

---

[2] The Eleventh Circuit has adopted as binding precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] "To be a citizen of a **State** within the meaning of section 1332, a natural person must be both a citizen of the United States **and a domiciliary of that State**. For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."  Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)

Prestridge are simply alleged to be "resident[s] of a state other than Alabama" (Doc. 5 at 2, ¶¶ 3-4), while Defendant Shawna Lashae McIlwain is alleged to be a resident of Tennessee (id., ¶ 5). Defendant Mattie McIlwain is alleged to be "an adult resident who has lived in a state other than Alabama, believed to be Tennessee, and General Delivery, Chatom, Washington County, Alabama for sixteen (16) years." (Id. at 2-3, ¶ 6).

The Court is mindful "that *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation omitted). Courts have held that for purposes of diversity, an individual's residence is *prima facie* evidence of that individual's domicile. See Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (Steele, J.) ("As a matter of law, a person residing in a particular state is not necessarily domiciled there . . . That said, while the two concepts are analytically distinct, a party's place of residence is *prima facie* evidence of his domicile." (citing cases)); Katz v. J.C. Penney Corp., Inc., No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009) ("This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiffs. It is well established that a party's residence is *prima facie* evidence of a party's domicile."); Fuller v. Home Depot Servs., LLC, Civ. A. No. 1:07CV1268 RLV, 2007 WL 2345257, at *3 (N.D. Ga. Aug. 14, 2007) ("[A]bsent any contradictory evidence, [parties'] place of residence is their domicile." (quotation marks omitted)). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Accordingly, the Court finds that the *pro se* Plaintiff has sufficiently pled facts establishing that he is not a citizen of the same state as any other individual Defendant.

Generally, "a corporation shall be deemed to be a citizen of every State and foreign state

---

(emphasis added) (citations omitted).

by which it has been incorporated and **of the State or foreign state where it has its principal place of business** . . ." 28 U.S.C. § 1332(c)(1).  With regard to "business entity" Defendant Warner Brothers Records, Plaintiff alleges that it is "organized and existing under the laws of a state other than Alabama" and that its "corporate office is located [in] Los Angeles, CA . . ." (Doc. 5 at 2, ¶ 2).   With regard to "business entity" Defendant Stoney Creek Records,[4] Plaintiff alleges that it is "organized and existing under the laws of a state other than Alabama[,]" that "[i]t is locatred [sic] [in] Nashville, TN[,]" and that "[i]ts main office may be in California, under the cognizant name Richard La Font."   (Id. at 3, ¶ 7).   Again construing the *pro se* Plaintiff's allegations liberally, the Court finds that he has sufficiently pled facts establishing that he is not a citizen of the same state as either of the business entity Defendants.[5]

Accordingly, the Court finds that in his Amended Complaint (Doc. 5) Plaintiff has met, at least initially, his burden of pleading facts establishing diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[6]

**DONE** and **ORDERED** this the **15th** day of **October 2013**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Stoney Creek Records was added as a Defendant in the Amended Complaint.   Plaintiff does not identify what type of entity it is, whether a corporation or otherwise.

[5] Plaintiff has also sued unnamed defendants "whose true identities are currently unknown."   (Doc. 5 at 1, 3).   "As a general matter, fictitious-party pleading is not permitted in federal court."   Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

[6] Of course, this finding does not preclude any party from properly challenging the Court's subject-matter jurisdiction.   See Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."); Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011) ("It is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence."); Kontrick v. Ryan, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.").