IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ALTON G. RICHARDSON, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO: 13-00469-KD-B |
| | * | |
| WARNER BROTHERS RECORDS, | * | |
| DANNY KEY, ERIC PRESTRIDGE, | * | |
| SHAWNA LASHAE McILWAIN | * | |
| THOMPSON, MATTIE McILWAIN, | * | |
| STONEY CREEK RECORDS, | * | |
| AND DEFENDANTS "A TO Z" | * | |
| WHOSE TRUE IDENTITIES ARE | * | |
| CURRENTLY UNKNOWN, | * | |
| | * | |
| DEFENDANTS. | * | |

### MOTION TO DENY DEFENDANTS MOTION TO DISMISS OR TO CHANGE VENUE IN ANTICIPATION OF SAME

1. The Plaintiff's Complaint and Evidence prepared are direct allegations supported by exhibits representing all material elements necessary to recover under one or more of the viable theories. (Id quoting *In re Plywood Antitrust Litigation*, 655 F.3d 623, 641 5th Cir. "A" September 8, 1986.)

2. Plaintiffs said complaint, exhibits, affidavits, etc., contain actual actions and inferential sections from which the Court can identify each of the material elements necessary for the Plaintiff to sustain recovery under some viable legal theory, as the entire complaint, allegations, and exhibits support the complaint as written.

1

3. The United States Supreme Court has explained for the Motion to Dismiss, the material allegations of the complaint are taken as admitted . . . and must be reviewed as favorable to the Plaintiff . . . The complaint case must not be dismissed unless it appears the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. (*Jenkins v. McKeithen*, 395 U.S. 421, 89 S.Ct. 1843, 23 L. Ed. 404 (1969), emphasis added.)

4. Eighty percent (80%) of Plaintiff's time and expenses were spent promoting Shawna McIlwain Thompson, in the Southern District of Alabama, when she was in the Southern District of Alabama, as set out in the complaint.

5. The Plaintiff's medical records support the fact that the Plaintiff developed and has serious health issues, and the same occurred during negotiations with the Defendants, as set out in Plaintiff's complaint.

6. If this said case was moved to a court like the "United States District Court in the Middle District of Tennessee," the said Defendants would delay discovery and trial for two (2) years as they did in Plaintiff's case 3:03-0150. The Defendants in that said case never served a motion for discovery on the Plaintiff and his witnesses waiting for Plaintiff to die and no depositions were conducted.

7. It is a common thing for music industry defendants and their attorneys to delay court action on music related cases, and the Court should not allow such outrageous delays. In the case of *Lonnie McIntosh, et., al.,* Case No: 3-97-0077, the United States District Court, Middle District of Tennessee, said case was delayed for four (4) years before the Court

granted Plaintiff McIntosh's Summary Judgment.

8.  The Plaintiff's health and financial burden should be considered, and the case should proceed on a timely basis in the Southern District of Alabama, where Plaintiff can depose witnesses and be deposed himself in the Mobile, Alabama area, because of the following reasons:

> 8-1-1  If the venue is transferred to another forum after the Plaintiff selected the Southern District of Alabama, Plaintiff's argument is more persuasive that the Defendants should not be able to move under Section 1404(a) of the Judicial Code to a more convenient forum for them, as it places the Plaintiff in an impossible position to represent himself, and would result in the Plaintiff adding fifteen (15) additional defendants of the thirty-one (31) defendants Plaintiff previously litigated against in Case No: 03-CV-0150, who are now supporting Defendant, Shawna McIlwain Thompson.
>
> 8-1-2  The Defendants can afford to try this case in the United States District Court, Southern District of Alabama, out of convenience. The Plaintiff's witnesses in the Mobile area who will be subpoenaed under the requirements of Rule 45(B)(2), and the Defendants can not give good reason for change of venue. The Court has a wide discretion in selecting the forum.
>
> 8-1-3  It is within the sole discretion of the Court to designate location for taking of depositions; each application must be considered on its facts and equities.

(*Terry vs. Modenrn Woodmen of America*, D.C. Mo., 1972, 57 F.R.D. (141) - (*Thomincas v. Douglas Aircraft Co.*, D.C. N.Y. (1968), 45 F.R.D. 94).

8-1-4 A claim of hardship, taken alone, does not demonstrate exceptional or compelling circumstances. However, major health problems of the Plaintiff pro se, must be considered.

9. Under 28 USC § 1407, "Multidistrict Litigation", said rule sets out: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated proceedings." There are no conditions of fact pending in another district in this case. Defendants cannot question any allegation of fact in Plaintiff's complaint, because each said complaint allegation of fact will be supported with exhibits and/or documentation by Plaintiff's and past attorneys called as a witness-for Plaintiff.

10. Plaintiff's complaint jurisdiction preference is entitled to protection under the General Rules of Law related to "unfair competition."

11. Plaintiff's complaint should not be dismissed or denied, because Plaintiff has submitted facts beyond a shadow of doubt in his evidence which would entitle him to relief. (*Conley v. Gibson*, (1944), Wright and Miller, Federal Practice and Procedure, § 1220, 1286 (1969) (Ala.Rules of Civil Procedure, Section 8).

12. The Plaintiff's complaint is due to not be dismissed or denied, because Defendants cannot prove without a doubt that no relief should be granted on Plaintiff's facts

and exhibits that have been proven consistent with their allegations. (*Roe v. Aware Women Center for Choice, Inc.*, 253 F.3d 678, 682 (11th Cir. 2002, quoting *Shands Teaching Hospital and Clinics, Inc. V. Beach Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000).

13. It is not unlikely or remote, that the pleader will recover under his complaint as written, therefore the complaint cannot be dismissed. (*Roe*, 253 F.3d at 683, quoting *Sheever v. Rhodes*, 416 U.S. 232, 236 (1974).

14. Plaintiff's witnesses are located in Mobile, Alabama and within a 60 mile radius of the Southern District of Alabama.

14. The Defendants moved Plaintiff's past case CV-02-305, Southern District of Alabama to the United States District Court for the Middle District of Tennessee, Case 03-CV-0150, pursuant to 28 U.S.C. § 1404(a), under convenience. There are only six (6) defendants in this said case. These said defendants can afford to come to the Plaintiff's selected venue. It would be impossible for Plaintiff to travel to Tennessee with his health conditions. It may be discriminary under a civil rights statute, as Plaintiff's complaint appears to contain civil rights violations.

Respectfully,

*/s/ Alton G. Richardson pro se*
ALTON G. RICHARDSON, Pro Se
1118 Martha Alleyn Drive
Saraland, AL 36571
Phone: (251) 675-8313

## CERTIFICATE OF SERVICE

I hereby certify that I have on this *14th* day of *October*, 2013, I have served a copy of the foregoing document on the following named individuals, by placing a copy of said document in the United States mail, properly addressed with first class postage prepaid, as follows:

Warner Brothers Music
20 Music Square East
Nashville, TN 37203
Phone: (615) 748-8000

Mattie McIlwain
General Delivery
Chatom, AL 36518

Eric Prestridge
c/o Warner Brothers Music
20 Music Square East
Nashville, TN 37203

Stoney Creek Records
207 18th Avenue South
Nashville, TN 37203

Shawna McIlwain Thompson
Stoney Creek Records
204 18th Avenue South
Nashville, TN 37203

~~Hon. Tiffany Dunn~~ HON. HOWELL O'REAR
~~Loeb & Loeb, P.C.~~ MCENTEER - O'REAR
~~1906 Acklen Avenue~~ 2801 12th AVE South
~~Nashville, TN 37212~~ NASHVILLE, TENNESSEE 37204

Danny Key
C/o Warner Brothers Music
20 Music Square East
Nashville, TN 37203

Shawna McIlwain Thompson
C/o Shawn C. Pennington
BBR Music Group
35 Music Square East
Nashville, TN 37203

*/s/ Alton G. Richardson*
ALTON G. RICHARDSON

7

ALTON OR VIRGINIA RICHARDSON
OR MATTHEW BLAKE RICHARDSON
1118 Martha Alleyn Drive
Saraland, AL 36571

U.S. POSTAGE
PAID
SARALAND, AL
36571
OCT 10, 13
AMOUNT
$0.46
0000026512-02

CLERK
U.S. DISTRICT COURT
113 ST. JOSEPH STREET
MOBILE, ALABAMA 36605

NIXIE    352    SC 1        7210/23/13    UTF

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 36571963518          *2375-02428-23-22

36571@9635